DeLancey Nicoll, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 29822. Promulgated June 3, 1929.

*Harry T. Lore, Esq.*, for the petitioner.
*F. B. Schlosser, Esq.*, for the respondent.

OPINION.

MILLIKEN: Two blocks of securities, which the petitioner had held for more than two years, were sold by him in 1923. Upon the sale of one block he realized a gain of $30,825, and upon the sale of the other block he sustained a loss of $53,366.40. The net result of the two transactions was a loss of $22,541.40. The petitioner returned the gain of $30,825 as a capital net gain, subject to tax at the rate of 12½ per cent as provided in subdivision (b) of section 206 of the Revenue Act of 1921, but deducted the loss of $53,366.40 in determining ordinary net income. The respondent allowed the deduction of the loss of $53,366.40, as claimed by the petitioner, but held that the gain of $30,825 must be included in computing ordinary net income and not treated as a capital net gain subject to tax under the provisions of subdivision (b) of section 206.

The petitioner contends that he is entitled to have the gain derived from the sale of one block of securities taxed as a capital gain, notwithstanding that he sustained a loss, in a greater amount, upon the sale of the other block. He construes the term "capital net gain," as used in section 206, to mean the sum of the gains derived from the sale of capital assets, without regard to any losses sustained in similar transactions. The position of the respondent is that the provisions of subdivision (b) of section 206 are applicable only in the case of a capital net gain, and that the petitioner is not within the scope of those provisions, since the net result of the two transactions under consideration was a loss. He construes the term "capital net gain" to mean the excess of the total gains from the sale of capital assets over the total losses sustained in similar transactions.

The provisions of section 206 of the Revenue Act of 1921 are controlling in the decision of this issue, and, so far as they are material here, read as follows:

SEC. 206.(a) That for the purpose of this title:

(1) The term "capital gain" means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

(2) The term "capital loss" means deductible loss resulting from the sale or exchange of capital assets consumated after December 31, 1921;

(3) The term "capital deductions" means such deductions as are allowed under this title for the purpose of computing net income and are properly allocable to or chargeable against items of capital gain as defined in this section;

(4) The term "capital net gain" means the excess of the total amount of capital gain over the sum of the capital deductions and capital losses;

(5) The term "ordinary net income" means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions; and

(6) The term "capital assets" as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.

(b) In the case of any taxpayer (other than a corporation) who for any taxable year derives a capital net gain, there shall (at the election of the taxpayer) be levied, collected and paid, in lieu of the taxes imposed by sections 210 and 211 of this title, a tax determined as follows:

A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner provided in sections 210 and 211, and the total tax shall be this amount plus 12½ per centum of the capital net gain; but if the taxpayer elects to be taxed under this section the total tax shall in no such case be less than 12½ per centum of the total net income. The total tax thus determined shall be computed, collected and paid in the same manner, at the same time and subjected to the same provisions of law, including penalties, as other taxes under this title.

* * * * * * *

There is no dispute between the parties that the securities involved in both transactions are "capital assets," that the gain of $30,825 derived from the sale of one group of capital assets is a "capital gain," and that the loss of $53,366.40 sustained upon the sale of the other group of capital assets is a "capital loss," as those terms are defined in the statute. Their difference is largely a matter of divergent opinions as to the meaning of the term "capital net gain" as used in subdivision (b).

In view of the clear and unambiguous language used in the statute in defining the term "capital net gain," it is rather difficult to conceive that there should be any serious difference of opinion as to the meaning of that term. It is defined as "the excess of the total amount of capital gain over the sum of the capital deductions and capital losses." Obviously, this definition of "capital net gain" must comprehend the net result of all transactions during any taxable year, involving the sale or exchange of capital assets, provided such result represents a net gain to the taxpayer. This becomes quite clear if for the terms "capital gain," "capital deductions," and "capital losses" we substitute their respective statutory definitions. "Capital net gain," then, means the excess of the total amount of taxable gain from the sale or exchange of capital assets over the sum of such deductions as are properly allocable or chargeable against such gain and the deductible losses resulting from the sale or exchange of capital assets. Stating it in simple arithmetical terms, capital net gain means total capital gain minus the sum of capital deductions and capital losses.

In the instant case, there was no capital net gain, for the loss sustained in the one transaction exceeded the gain in the other. Therefore, the petitioner can not bring itself within the provisions of subdivision (b) of section 206, for by its very terms that subdivision becomes operative only in case a taxpayer "derives a capital net gain," and that is not the situation in this case. In any case in which the sum of the capital deductions and capital losses exceeds the total capital gain, the net income is to be computed in the ordinary way, without any reference to section 206 and as though that section were not present in the statute. We understand that this is what the respondent has done in this case, and we believe that action to be in accord with the statute.

The petitioner did not submit any evidence as to the facts pertaining to the second assignment of error. On the other hand, he states in his brief that "at the hearing counsel for the petitioner consented to the assessment of that part of the alleged aggregate deficiency based upon the application of the twenty-five per centum credit on line 34 of petitioner's return to which such question relates." While there is nothing in the transcript of the hearing to indicate

that there was such a consent on the part of the petitioner, the statement in its brief, taken in conjunction with the failure to submit any evidence as to this issue, is indicative of petitioner's wish to abandon this assignment of error.

*Judgment will be entered for the respondent.*