LU FRISK THOMAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55331.   Promulgated March 7, 1932.

*Maurice W. Stoffer, Esq.,* for the petitioner.

*James K. Polk, Jr., Esq.,* and *Harold F. Noneman, Esq.,* for the respondent.

# 812

OPINION.

TRAMMELL: The question presented for our decision is whether the petitioner may, in computing her tax liability, elect to treat the gains arising from the sale of part of the stocks here involved as " capital net gain " and the gain from the remainder as " ordinary net income."

The pertinent provisions of the Revenue Act of 1928 are as follows:

SEC. 101. CAPITAL NET GAINS AND LOSSES.

(a) *Tax in case of capital net gain.*—In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected, and paid, in lieu of all other taxes imposed by this title, a tax determined as follows: a partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

\*     \*     \*     \*     \*     \*     \*

(c) *Definitions.*—For the purposes of this title—

(1) " Capital gain " means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.

(2) " Capital loss " means deductible loss resulting from the sale or exchange of capital assets.

(3) " Capital deductions " means such deductions as are allowed by section 23 for the purpose of computing net income, and are properly allocable to or chargeable against capital assets sold or exchanged during the taxable year.

(4) " Ordinary deductions " means the deductions allowed by section 23 other than capital losses and capital deductions.

(5) " Capital net gain " means the excess of the total amount of capital gain over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains.

(6) "Capital net loss" means the excess of the sum of the capital losses plus the capital deductions over the total amount of capital gain.

(7) "Ordinary net income" means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions.

(8) "Capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business.

There is no controversy by the parties as to the entire group of stocks being "capital assets" or the profits from the sale thereof being "capital net gain" within the provisions of the Act, nor is there any controversy with respect to the respondent's action in treating the so-called interest as a part of "capital net gain." The controversy is only as to whether the petitioner may elect to have the profits from the sale of the common stock of the Royal Milling Company and the so-called interest allocable thereto taxed as "ordinary net income" and the profits from the sale of the other stocks taxed as "capital net gain." The petitioner contends that she is entitled to do as she did in filing her return, treat the profit from the sale of part of the stock as "ordinary net income," and the remainder as "capital net gain." The respondent denies that the petitioner has such right.

A similar question was presented in *De Lancey Nicoll*, 16 B. T. A. 868; affd., 41 Fed. (2d) 1008, and there decided adversely to the petitioner. In that case the petitioner, during the taxable year, sold two blocks of securities which he had held for more than two years. Upon the sale of one he realized a profit of $30,825 and upon the sale of the other he sustained a loss of $53,366.40, the net result of the two transactions being a loss of $22,541.40. The petitioner returned the profit of $30,825 as a capital net gain, but deducted the loss of $53,366.40 in determining ordinary net income. The respondent allowed the deduction of the loss of $53,366.40 as taken by the petitioner, but held that the gain of $30,825 should be included in computing ordinary net income and not treated as capital net gain for the purposes of the tax. In sustaining the action of the respondent in refusing to permit the petitioner to segregate the transactions for the purpose of determining his tax liability, we said:

Obviously, this definition of "capital net gain" must comprehend the *net result of all transactions* during any taxable year, involving the sale or exchange of capital assets, provided such result represents a net gain to the taxpayer. [Italics supplied.]

What we said in the *Nicoll* case is equally applicable in the instant case. The statute specifically provides that "capital net gain"

means the excess of the *total amount of capital gain* over the sum of the capital deductions and capital losses plus the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains. The words "total amount" in the statute contemplate the whole or entire amount of capital gain and not a portion thereof. Anything less than the whole amount does not come within the purview of the statute. The petitioner, therefore, is not entitled to treat the profits from the sale of part of the group of stocks as "capital net gain" and the profit from the remainder as "ordinary net income." The action of the respondent is accordingly sustained.

The petitioner urges in her brief that section 101 is a relief section and that a liberal construction thereof should be made in her favor and against the Government. We do not think the rule contended for by the petitioner is applicable here. There is no doubt or ambiguity in the provisions of section 101 in so far as they require that the "total amount of capital gain" realized by the petitioner be taken into consideration in determining the amount of "capital net gain." To grant the petitioner's contentions would result in a violation of the express provisions of the statute.

*Judgment will be entered for the respondent.*