AMELIE M. STAFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES STAFF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 55601, 55602. Promulgated October 17, 1933.

*J. H. Amick, C.P.A.,* for the petitioner.
*Milford H. Payne, Esq.,* for the respondent.

OPINION.

McMAHON: These proceedings, consolidated for hearing and decision, are for the redetermination of asserted deficiencies in income tax for the year 1928 as follows: Docket No. 55601, $1,015.07; Docket No. 55602, $315.05.

The sole question in controversy is whether the petitioners may elect to report gain derived from the sale of capital assets by reporting the gain on a portion of the capital assets sold as a capital

gain and computing a tax thereon at the rate of 12½ percent under section 101 of the Revenue Act of 1928, and at the same time reporting the gain on the remaining capital assets sold as ordinary income and computing the tax thereon in accordance with sections 11 and 12 of the Revenue Act of 1928.

The proceedings were submitted upon separate stipulations of fact and we adopt the stipulations as our findings of fact, setting forth here only those facts necessary to an understanding of the question presented.

During the year 1928 petitioner Amelie M. Staff sold 1,000 shares of stock of the Larrowe Milling Co. which she had acquired in the year 1917, and realized a gain therefrom of $18,440.

During the year 1928 she made a further sale of 3,850 shares of capital stock of the Larrowe Milling Co. which was acquired by her in the year 1917, realizing a gain of $70,912.75.

Amelie M. Staff in her tax return reported the gain of $18.440 as taxable income and computed the tax thereon in accordance with the provisions of sections 11 and 12 of the Revenue Act of 1928.

In her return she also reported as a capital gain the gain of $70.912.75 and computed the tax thereon at 12½ percent.

The Commissioner has determined that the profits realized upon the above transactions may not be segregated into ordinary net income and capital net gain for the purpose of computing the tax thereon, and he has computed the tax on the total profit realized from such transactions under the provisions of section 101 of the Revenue Act of 1928.

Prior to the year 1928 petitioner Charles Staff sold certain parcels of real estate on the installment plan. The several parcels of real estate thus sold had been held by him for more than two years prior to the date of sale and the sales were consummated subsequent to December 31, 1921. During the year 1928 he received certain payments from these sales upon which there resulted taxable gain in the amount of $5,740.05.

During the year 1928 he sold 355.31 shares of stock of the Larrowe Milling Co. which he had acquired in the year 1917. He thereby realized taxable gain in the amount of $7,880.16.

During the year 1928 he made a further sale of 961.158 shares of capital stock of the Larrowe Milling Co. which was acquired by him in the year 1917, realizing a gain of $21,264.70.

In his tax return he reported $14,248.80, being the amount he then considered correct, as taxable income realized on the sales of several parcels of real estate and 355.31 shares of stock of the Larrowe Milling Co., and computed the tax thereon in accordance with the provisions of sections 11 and 12 of the Revenue Act of 1928.

In his return he also reported $21,264.70 as a capital gain, being the taxable income on the sale of the 961.158 shares of stock of the Larrowe Milling Co., and computed a tax thereon at 12½ percent.

The Commissioner has determined that the profits realized from the sales made by Charles Staff may not be segregated into ordinary net income and capital net gain for the purpose of computing the tax thereon, and accordingly computed the tax on the total profit realized therefrom under the provisions of sections 11 and 12 of the Revenue Act of 1928, which resulted more favorably to him than if the total profit were computed under section 101 of the act.

The petitioners contend that under section 101 of the Revenue Act of 1928 they may elect, in reporting gain realized from the sale of capital assets, to treat part of such gain as ordinary net income and the remainder as capital net gain.

In *Lu Frisk Thomas*, 25 B.T.A. 810, the same contention was made relative to capital net gain realized in 1928 which the taxpayer had reported in part as capital net gain and in part as ordinary net gain. The Commissioner in that case eliminated from ordinary income that part of the capital net gain reported by the taxpayer as ordinary income and increased the capital net gain by such part. The Board approved the action of the Commissioner, stating:

* * * The statute specifically provides that " capital net gain " means the excess of the *total amount of capital gain* over the sum of the capital deductions and capital losses plus the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains. The words " total amount " in the statute contemplate the whole or entire amount of capital gain and not a portion thereof. Anything less than the whole amount does not come within the purview of the statute. The petitioner, therefore, is not entitled to treat the profits from the sale of part of the group of stocks as " capital net gain " and the profit from the remainder as " ordinary net income."

The petitioners argue on brief that there is nothing in the language of the act to disclose that Congress intended the words " capital assets " to mean " all property " held by the taxpayer for two years; that section 101 (c) (8) of the Revenue Act of 1928 does not say " all property " held by the taxpayer, and that when the definition of " capital assets " is considered in connection with the phrase " at the election of the taxpayer," it is reasonable to assume that Congress intended the taxpayer to elect which, if any, of his assets he desired to be considered as capital assets in order to obtain the greatest possible benefit from the relief offered him by this section.

The pertinent provisions of section 101 of the Revenue Act of 1928 are set forth in the margin.[1] Section 101 (c) (8) is not am-

---

[1] SEC. 101. CAPITAL NET GAINS AND LOSSES.

(a) *Tax in case of capital net gain.*—In the case of any taxpayer, other than a corporation, who for any taxable year derives a capital net gain (as hereinafter defined in this section), there shall, at the election of the taxpayer, be levied, collected and paid,

biguous. It merely defines "capital assets" and any "property" within such definition must be considered "capital assets" for the purposes of the section, whether such property be all or only a part of the property disposed of by the taxpayer so as to result in either capital net gain or capital net loss.

Preceding the exercising of the election granted the taxpayer by section 101 (a), there must arise "a capital net gain." This term is defined in section 101 (c) (5) as "the excess of the *total amount of capital gain* over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains." (Italics ours.)

The election granted the taxpayer may be exercised only after a capital net gain has been derived, and pertains to the tax to be levied, collected and paid. *De Lancey Nicoll*, 16 B.T.A. 868; affd., 41 Fed. (2d) 1008.

Furthermore, if a taxpayer elects to have the tax computed under section 101, he is bound by all the provisions thereof. *De Lancey Nicoll, supra.* The tax computed under section 101 (a) is the sum of the tax computed upon the basis of the "ordinary net income" under sections 11 and 12 of the Act "plus 12½ per centum of the capital net gain." Subsection (c) (7) of section 101 defines "ordinary net income" and excludes therefrom "all items of capital gain, capital loss and capital deductions." Hence, the tax on ordinary net income is not properly computed under this section when any capital gain is included in ordinary net income.

The action of the respondent is therefore approved.

The parties stipulated also that if the action of the Commissioner is held by the Board to be proper, the deficiencies as determined by the respondent are correct in amount.

*Decision will be entered for the respondent.*

---

in lieu of all other taxes imposed by this title, a tax determined as follows: A partial tax shall first be computed upon the basis of the ordinary net income at the rates and in the manner as if this section had not been enacted and the total tax shall be this amount plus 12½ per centum of the capital net gain.

\* \* \* \* \* \*

(c) *Definitions.*—For the purposes of this title—

(1) "Capital gain" means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921.

\* \* \* \* \* \*

(5) "Capital net gain" means the excess of the total amount of capital gain over the sum of (A) the capital deductions and capital losses, plus (B) the amount, if any, by which the ordinary deductions exceed the gross income computed without including capital gains.

\* \* \* \* \* \*

(7) "Ordinary net income" means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions.

(8) "Capital assets" means property held by the taxpayer for more than two years (whether or not connected with his trade or business) \* \* \*.